```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | |
|---|---|
| **MARCUS KANARD PAYNE,**            )<br>                                     )<br>    **Plaintiff,**                   )<br>                                     )<br>**v.**                                  )<br>                                     )    No. 05-2310 Ma/P<br>**TIPTON COUNTY, TENNESSEE, and OTHER** )<br>**UNKNOWN EMPLOYEES OF THE TIPTON**    )<br>**COUNTY JUSTICE CENTER/JAIL,**        )<br>                                     )<br>    **Defendants.**                  )<br>                                     ) | |

_____

**ORDER GRANTING DEFENDANT TIPTON COUNTY'S SECOND MOTION TO DISMISS**
_____

Plaintiff Marcus Kanard Payne ("Payne") brings this action under 42 U.S.C. § 1983, alleging that Defendants Tipton County Tennessee ("the County") and other unknown employees of the Tipton County Justice Center/Jail ("Other Employees") violated his Fifth, Eighth, and Fourteenth Amendment rights.[1] Payne also alleges negligence under the Tennessee Government Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-201 et seq., against the County. Before the court is the County's second motion to dismiss, filed on February 8, 2006. Payne responded on April 7, 2006. For the following reasons, the County's motion is GRANTED.

---

[1] All other Defendants were dismissed on November 28, 2005, under the court's Order Granting Defendants' Motion to Dismiss and Order Granting Defendant State of Tennessee's Motion to Dismiss.

**I. Background**

Payne alleges that, on April 30, 2004, while incarcerated in the Tipton County Jail, he became unable to see and had a seizure, requiring him to be hospitalized. (Compl. ¶¶ 28-29.) According to Payne, before April 30, 2004, he had complained to employees of Tipton County Jail about severe headaches, but no action was taken in response to his complaints. (Id. ¶¶ 19, 21.) Payne's father allegedly also attempted to intercede with officials of the Tipton County Jail to obtain medical assistance for his son, but was unsuccessful. (Id. ¶¶ 22-26.) Payne alleges that he "suffered swelling and hemorrhaging of the brain, an aneurysm, a stroke, unconsciousness, grand mal seizure, heart attack, heart failure and kidney failure." (Id. ¶ 30.) Payne filed this complaint on April 28, 2005.

**II. Jurisdiction**

The court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331. The court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate state law claims arising from the same nucleus of operative facts as the federal claims.

**III. Standard for Dismissal Under Rule 12(b)(6)**

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am.

Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs. Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

**IV. Analysis**

The County asserts that Payne's § 1983 claims should be dismissed because Payne has not alleged that a governmental policy or custom was the moving force behind the deprivation of his rights. The County also seeks dismissal of Payne's TGTLA claim for negligence because the court does not have jurisdiction over that claim or should decline to exercise its supplemental

jurisdiction. The County asserts that the court should dismiss all claims against Other Unknown Employees of the Tipton County Justice Center/Jail ("the Other Employees"). Payne does not dispute that the Other Employees should be dismissed. Therefore, the County's motion is granted as to Payne's claims against the Other Employees.

### A. § 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff bringing a § 1983 claim against a governmental entity must allege that the person who committed the violation was an agent of the entity and "that a [governmental] policy or policy of inaction was the moving force behind the violation." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902.

The complaint does not allege directly or inferentially that the alleged violation of Payne's constitutional rights was the result of a policy or custom of the County. Even construing it in the light most favorable to Payne, the complaint cannot be read to extend beyond the facts of this particular case to allege a broader policy or custom of the County that led to the alleged failure to provide Payne with adequate medical care. Therefore,

the County's motion to dismiss Payne's § 1983 claims is granted.

### B. TGTLA Claim

The Tennessee General Assembly, in enacting the TGTLA, gave the Tennessee circuit courts exclusive jurisdiction over claims brought under the law. Tenn. Code Ann. § 29-20-307. Under 28 U.S.C. § 1367(c)(4), a district court can decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." That the Tennessee legislature expressed a clear preference that claims under the TGTLA be heard by its own courts is such an exceptional circumstance. <u>Gregory v. Shelby County, Tenn.</u>, 220 F.3d 433, 446 (6th Cir. 2000). That conclusion is even more compelling where, as here, the underlying federal claim has been dismissed. Therefore, the County's motion to dismiss Payne's state law claim is granted.

## V. Conclusion

Defendant Tipton County, Tennessee's motion to dismiss is GRANTED, and Plaintiff Marcus Kanard Payne's complaint is dismissed without prejudice.

So ordered this 12th day of July 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE